IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Claribel Perez, n/k/a Andino, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   13 C 5694 |
| Monarch Recovery Management, Inc., a Pennsylvania corporation, and Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Claribel Perez, n/k/a Andino, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection letter violated the FDCPA, and to recover damages for this violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Claribel Perez, n/k/a Andino ("Perez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for a Citibank account.

4.      Defendant, Monarch Recovery Management, Inc. ("Monarch"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Monarch operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Monarch was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant Asset operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Monarch.

7.      Defendants Monarch and Asset are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, both Defendants conduct substantial and extensive business in Illinois.


8. Moreover, Defendants Monarch and Asset are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Perez fell behind on paying her bills, including one she allegedly owed for a Citibank account. At some point in time after that debt became delinquent, Defendants began trying to collect upon this debt by sending Ms. Perez an initial form collection letter, dated April 8, 2013. This collection letter stated: "Creditor: ASSET ACCEPTANCE, LLC" and "Fwd Creditor: CITIBANK", and then stated "This is to advise you that your account has been transferred to our office for collection by ASSET ACCEPTANCE, LLC". Moreover, the reverse side of Defendants' letter referred to Asset as a "A DEBT COLLECTION COMPANY", rather than the current creditor to whom the debt was owed. Defendants' letter failed to explain what the relationship or difference was between the Creditor, the "Fwd" Creditor and "Debt Collection Company". Defendants' letter is attached as Exhibit C.

10. Plaintiff is informed and believes, through her counsel, that, in fact, Defendant Asset, a bad debt buyer, purchased her account after default and is actually the creditor to whom the Citibank debt is now owed.

11. A simple statement that "Asset had bought the debt", or that it was the "current" creditor, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

12. Defendants' collection actions complained of herein occurred within one

year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

14. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Perez with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15. Defendants' form collection letter violates § 1692g(2) of the FDCPA because it failed to identify effectively that Defendant Asset was the current creditor to whom the debt was owed. See, Braatz v. Leading Edge Recovery Solutions, LLC, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011)(Hibbler, J); Walls v. United Collection Bureau, Inc, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012)(Grady, J.); and, Deschaine v. National Enterprises Inc., 2013 U.S. Dist Lexis 31349 (N.D. Ill. 2013)(Reinhard, J.).

16. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

17. Plaintiff, Claribel Perez, n/k/a Andino, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Citibank/Asset account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This

action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18. Defendants Monarch and Asset regularly engage in debt collection, using the same form collection letter they sent Plaintiff Perez, in their attempts to collect delinquent consumer debts from other consumers.

19. The Class consists of more than 35 persons from whom Defendants Monarch and Asset attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Perez.

20. Plaintiff Perez's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22. Plaintiff Perez will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not

require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Perez has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Claribel Perez, n/k/a Andino, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Perez as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Perez and the Class, and against Defendants Monarch and Asset, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Claribel Perez, n/k/a Andino, individually, and on behalf of all others similarly situated, demands trial by jury.

Claribel Perez, n/k/a Andino, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 9, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com